## H. C. WILLIAMS v. M. R. MAYFIELD.

(Case No. 3550.)

1. TRESPASS TO TRY TITLE — CHARGE OF COURT — OMISSIONS IN.— In an action of trespass to try title, the question being one of boundary or locality, and the evidence tending to different conclusions, it was error in the court to fail to give in charge the principles of law controlling the application of the various calls in the patent to the ground, a charge having been asked which fully indicated the omissions in the general charge, and which, though embodying much that was superfluous, was not, as applied to the case, incorrect.
2. SAME — ACTUAL SURVEY — EVIDENCE OF.— Where there is evidence that the calls for distance in the patents of two adjoining surveys, made on the same day by the same surveyor, are inconsistent with other calls in the patents, then satisfactory evidence showing how the surveys were actually made, and locating them consistently with those other calls, should control.

APPEAL from McLennan. Tried below before the Hon. X. B. Saunders.

Appellees brought their action of trespass to try title against W. C. Williams, January 9, 1872, to recover eighty acres of land described in the petition, claiming the land under patent issued September 2, 1862. Appellant claimed the land under a patent issued November 5, 1875.

The contest was one of boundary. The case was tried December 13, 1876, and resulted in a verdict and judgment for appellees, from

which this appeal was taken. And the errors relied on were that the court erred in not instructing the jury as to the law applicable to the case, and in refusing to give the instructions asked.

*A. J. Evans*, for appellant.

*Sleeper, Jones & Kendall*, for appellee.— We say the land must be identified by calls in the grant; and where there is no conflict between the calls in the grant and the objects called for as found on the ground, the rules referred to in the charge which was refused by the court can have no application. Anderson *v.* Stamper, 19 Tex., 465; Bass *v.* Mitchell, 22 Tex., 285; Mitchell *v.* Burdett, 22 Tex., 635; Duren *v.* Presberry, 25 Tex., 512; 3 Pet., 92; Robertson *v.* Mosson, 26 Tex., 253. In this case, looking at the field notes of the H. E. Davis survey, it will be seen that there is not a natural or artificial object called for to control course and distance. Its location must be determined by course and distance alone. The call for a live oak as a bearing tree, at the beginning corner, will not control the call for eight hundred varas S. 62° W. from the northeast corner of the Swoap survey. The live oak is not marked so as to distinguish it from other live oaks, and if it is to govern, any live oak in the neighborhood might be selected. 3 Pet., 92.

WATTS, J. COM. APP.— Appellee claims the eighty acres of land in controversy by virtue of a patent issued to Thos. L. Mixon the 2d day of September, 1862. Appellant claims the land by virtue of a patent issued to Hiram E. Davis for six hundred and forty acres of land on the 5th day of November, 1845.

The real contest was as to whether the land in controversy was or not included in the Davis patent. From the record it appears that the F. Swoap and H. E. Davis, each for six hundred and forty acres, were surveyed at the same time and by the same surveyor. Erath, who made the surveys, testified that he commenced the Swoap survey at the northeast corner of a survey made for John G. McKeen, and that corner is well known and identified. The patent calls thence north 28° west, one thousand nine hundred varas, to a mound in the prairie. From thence S. 62° W. one thousand nine hundred varas, a mound for the northwest corner, etc. The Davis patent calls for its beginning corner eight hundred varas S. 62° W. from the northeast corner of the Swoap; from this Davis corner a live oak bearing south 74 east, sixty-four varas, is called for. The lines of these surveys are shown to be almost entirely in the prairie,

and no marked lines or trees are called for in either patent. If the Swoap and Davis surveys are made upon the ground according to the calls for course and distance, then the eighty acres in controversy would not be included in the Davis patent either in whole or in part. Erath testifies that he did mark some trees on the lines as run by him, and that the northwest corner of the Swoap, as made by him, is some four hundred or five hundred varas further to the northwest than the point reached by running the course one thousand nine hundred varas, and that the land in controversy is included in the Davis survey as made by him upon the ground. He also says that the marked trees, that is, those marked by him in making the surveys, have been seen by him since, and were upon the lines as he run them originally. The court simply charged the jury, if the land in controversy was included in the Davis patent, then to find for appellant; otherwise to find for appellee.

The evidence was somewhat conflicting, and leading to diverse conclusions as to the true location of the survey with respect to the ground. But the court did not explain to the jury the principles of law which should govern them in the application of the various calls in the patents to the ground. Paragraph second of the charge asked by appellant and refused by the court, while it contains much that is superfluous, still there is a sufficiency of matter contained in it to fully indicate to the court the omission in the general charge. The latter part of that paragraph is as follows: "If you believe, from the evidence before you, that the Hiram E. Davis was in fact made, and, following the actual survey as it was made by the surveyor, you find the land sued for included in the said survey, then you will find for the defendant." That charge might be incorrect and inapplicable to some cases; for instance, proof of the actual survey as made might not be admissible to establish a survey which would be in conflict with all the calls in the grant. This, however, is not that character of case. On applying the calls of the Swoap patent to the ground, then, according to Erath's evidence, the calls for course and distance, and that for the mound in the prairie, do not correspond. Nor do the calls for course and distance correspond with the calls for the beginning corner of the Davis survey. Under such circumstances, if it can be shown to the satisfaction of the jury, by evidence which they may determine worthy of belief, that the actual survey as made upon the ground is not correctly shown by the calls for distance, then the survey as actually made would control.

The court should have submitted to the jury the rules by which

they were to be governed in determining the true location of the land.

We conclude that the court erred in the charge, and the judgment ought to be reversed and the cause remanded.

                                        REVERSED AND REMANDED.

[Opinion delivered June 20, 1882.]